# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **THE HUNTINGTON NATIONAL BANK,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:12-cv-1035 |
| | : | |
| v. | : | |
| | : | Judge Algenon L. Marbley |
| **GUISHARD, WILBURN & SHORTS, LLC, et al.** | : | |
| | : | |
| | : | Magistrate Judge Mark R. Abel |
| Defendants. | : | |

## PLAINTIFF'S RE-FILED MOTION FOR JUDGMENT ON THE PLEADINGS AGAINST DEFENDANT JOSEPH GRAY

Pursuant to Federal Rule of Civil Procedure 12(c), and this Court's Scheduling Order of March 5, 2014 (dkt. # 52), Plaintiff The Huntington National Bank ("Huntington") hereby requests this Court to enter Judgment on the Pleadings against Defendant Joseph Gray. The Defendant's answer and supporting documentation establish that Huntington is entitled to judgment as a matter of law. A Memorandum in Support and Proposed Entry are attached hereto.

Respectfully submitted,

/s/ Albert G. Lin

| | |
|---|---|
| John P. Gilligan, Trial Attorney | (0024542) |
| Albert G. Lin | (0076888) |
| Ross R. Fulton | (0082852) |

ICE MILLER, LLP
250 West Street, Suite 700
Columbus, OH  43215
Tel:  614-462-2233
Fax: 614-222-3693
Email: John.Gilligan@icemiller.com
           Albert.Lin@icemiller.com
           Ross.Fulton@icemiller.com
*Counsel for The Huntington National Bank*

4587595v1

**MEMORANDUM IN SUPPORT**

## I.   INTRODUCTION.

In this case, *pro se* Defendant Joseph Gray has admitted to receiving $16,500.00 derived from stolen federal checks. Mr. Gray does not contest that he deposited the checks or that the checks contained a forged endorsement. Under O.R.C. § 1303.56, a depositor makes transfer warranties when presenting a check that all endorsements on the check are valid. The depositor is liable for a breach of these warranties irrespective of his or her knowledge of the forgery. Given this authority, and the admissions in the Answer and attached pleadings, this Court should enter judgment on the pleadings against Mr. Gray, and in Huntington's favor, in the amount of $16,500.00.

## II.   FACTS AND PROCEDURAL HISTORY.

This case involves a fraudulent scheme to cash 51 stolen federal checks. In 2003, Defendant Guishard, Wilburn & Shorts, LLC ("GWS") – a Delaware company with its principal place of business in Georgia, opened an account with Huntington. *See* Complaint for Damages and Injunctive Relief at ¶¶ 23 (Doc # 1)("Compl."); Braden Decl. at ¶ 3, Ex. A (attaching account opening documents) (Doc. # 3).[1] Prior to the fraud, the GWS Account held a balance of $76.99. Compl. at ¶¶ 24-28; Braden Decl. at ¶ 4.

Beginning in February 2012, 51 federal checks totaling $806,358.51 were deposited in the GWS Account. *See* Complaint at ¶ 27; Braden Decl. at ¶ 5 (attaching stolen checks). Each of these checks was purportedly endorsed by the payee. *See* Compl. at ¶ 26; Braden Decl. at ¶ 5. Large withdrawals from the GWS Account began shortly after these checks were deposited. *See*

---

[1] The Declarations of Jeffrey Braden (doc. # 3) and Latonia Sheppard (doc. # 4) attached the account statements, reclamation requests, and other documents relating to this case. Both the Sheppard and Braden Declarations and their attached exhibits were filed contemporaneously with the Complaint on November 8, 2012, and were expressly incorporated by reference into the Complaint. *See* Complaint at 6.

Compl. at ¶ 8; Braden Decl. at ¶ 7. Over seven months more than $460,000 was withdrawn from the account. *See* Compl. at ¶¶ 29-34; Braden Decl., Ex. C.

Several months after the initial deposit, Huntington began receiving reclamation claims from the United States Treasury Department for these checks. *See* Compl. at ¶¶ 35-44; Sheppard Decl. (doc. # 4) at Ex. A (attaching reclamation claims). These reclamation claims indicate that the original payee never received the check, did not indorse the check, did not give authorization to any other person to deposit the check, and did not receive any benefit from the check. *See* Compl. at ¶ 39. A federally chartered bank is required to return funds pursuant to a reclamation claim irrespective of whether the financial institution is able to collect from entities that have improperly cashed the check. *See id.* ¶¶ 35-37; Sheppard Decl. at ¶¶ 4-7. To date, none of the Defendants have protested any of the reclamation claims or provided documents adequately authorizing the deposit of federal tax refund checks.

Huntington was only able to prevent $293,671.31 from being fraudulently withdrawn from the GWS account. *See* Compl. at ¶ 55. This $293,671.31 does not cover the full amount of Defendants' fifty-one fraudulent checks totaling $806,358.51. In total, Huntington is responsible for $512,687.80 of its own funds for reclamations as a result of the Defendants' fraud. *See* Compl. at ¶ 56; Sheppard Decl. at ¶ 15. Huntington is in the process of satisfying reclamation claims issued by the government. *See id.*[2]

On November 26, 2012, defendant Joseph Gray filed an answer and supporting documents. *See* Answer (filed 11-26-12) (doc. #16). Gray does not dispute that the 51 federal checks were stolen, or challenge the numerous federal reclamation claims submitted with Huntington's initial pleadings.

---

[2] To date, Huntington has paid a total of 38 reclamation requests, amounting to $584,879.92. Huntington has paid $291,208.61 out of pocket to cover these reclamation requests. Huntington expects to pay an additional $221,478.59 to cover the outstanding federal checks.

In his supporting affidavit (attached to his Answer), Gray admits he worked with Allen Pendergrass to deposit the federal checks at Huntington. Pendergrass instructed Gray to deposit the federal checks in GWS' Account with urgency. Pendergrass purportedly told Gray that he was receiving too many checks to make the deposits himself, and that there were time constraints requiring a deposit and withdrawal within 10 days. Gray reached an agreement with Allan Pendergrass whereby Gray would receive 3% of the proceeds from the checks in exchange for depositing the fraudulent federal checks into the GWS Account. Based on these instructions, Gray made numerous deposits. *See* Gray Aff. at 1-2 (doc. # 16-2) (filed Nov. 26, 2012, attached to Answer).

In his Answer, Gray further admits that he received $16,500.00 as payment for this work, and that such proceeds came from the GWS Account which contained the funds from the deposited checks. *See* Gray Answer at 8 (Doc # 16). Gray further states that:

> Defendant Joseph Gray, would willingly work with Plaintiff to recover any portion of the $16,500.00 received by Defendant Joseph Gray that is a part of the reclamation by government agency that issued checks to Guishard, Wilburn & Shorts, LLC or its president.

*See id.*

On November 26, 2012, this Court granted a Preliminary Injunction enjoining Defendants from "spending, using, dissipating, or otherwise transferring" any funds relating to the fraud and to immediately deposit the withdrawals from the GWS Account or other funds relating to the fraud with the Clerk of Courts. *See* PI Order at 1 (doc. # 27). The Court also found that Gray likely:

- "knowingly deposited stolen federal checks with forged endorsements on behalf of GWS, with the intent to convert the deposited funds" for his and the other defendants' benefit;

4

- made the warranties contained in O.R.C. § 1303.56(A), namely representing to Huntington that he was entitled to deposit checks and withdraw funds deposited into the GWS Account;

- engaged in a common design to commit the above unlawful acts; and

- participated in an enterprise under the RICO statute by engaging in a pattern of racketeering through the frequency and repetition of the deposits and withdrawals.

*Id.* at 10-15. To date, neither Gray nor any other defendant has returned to Huntington any of the proceeds from this fraud.

### III. LAW AND ARGUMENT

#### A. Standard.

Fed R. Civ. P. 12(c) provides that a party may move for judgment on the pleadings at any time after the pleadings close and before trial. *See Commercial Money Center, Inc., v. Illinois Union Ins. Co.*, 508 F.3d 327, 332-33 (6th Cir. 2007)(affirming trial court order granting the Fed. R. Civ. P. 12(c) motion to the plaintiffs). Documents attached to the pleadings become part of the pleadings and should be considered. *Id.* at 335-336. In addition, documents that are referenced in the pleadings, or incorporated into the pleadings, may also be considered on a Rule 12(c) motion. *See id.* (documents referred to in pleadings may be reviewed on a motion for judgment on the pleadings); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1998) (on a Rule 12 motion, Court may consider exhibits incorporated by reference into complaint).

For a motion for judgment on the pleadings – as with a motion to dismiss – a court construes the facts in the light most favorable to the non-moving party. *See Ohio Citizen Action v. City of Seven Hills*, 35 F. Supp. 2d 575, 578 (N.D. Ohio 1999) (granting plaintiff's motion for judgment on the pleadings). But the non-moving party cannot merely plead facts that are inconsistent with liability or that infer a lack of misconduct. *See HDC, LLC v. City of Ann*

*Arbor*, 675 F.3d 608, 612-613 (6th Cir. 2012)(affirming grant of judgment on the pleadings where claim provided no plausible facts but instead included only conclusory allegations of discriminatory intent). Indeed, a judgment on the pleadings is especially appropriate where a defendant's answer admits, or fails to deny, the plaintiffs' allegations. *See United States v. Healy*, 1993 U.S. Dist. LEXIS 18861, at *6 (W.D. Mich. Dec. 13, 1993) (stating that a plaintiff "would be entitled to a judgment on the pleadings under Rule 12(c) since in his answer to the complaint Defendant admitted" to the complained-of misconduct); *United States v. Vehicle 2007 Mack 600 Dump Truck*, 680 F. Supp. 2d 816, 829 (E.D. Mich. 2010) (where defendant's answer failed to deny allegations, facts in the complaint were deemed admitted, and plaintiff granted judgment on the pleadings).

### B.  Gray Is Liable To Huntington For Recovery Under O.R.C. § 1303.56.

Ohio Revised Code § 1303.56(A) provides that a person who obtains payment from a check warrants to the payor that: (1) he is entitled to enforce the check; (2) all signatures, including endorsements, are authentic and authorized; (3) the instrument has not been altered; and (4) the check is not subject to any other defense or claim by a party. These "transfer warranties" entitle a bank to seek recovery -- including the amount of the check, expenses, and interest – from a person who negotiates a check with a forged endorsement. *See* O.R.C. § 1303.56(B).

A party that breaches a transfer warranty is strictly liable for the loss. For example, in *Perez v. Charter One Bank*, a Court addressing identical transfer warranties under the New York UCC, stated:

> The Supreme Court also correctly granted [the motion for summary judgment] based on the plaintiff's breach of warranty of prior endorsements on a negotiable instrument … . **The breach of warranty of prior endorsements is based on strict contractual liability as to which the negligence of the beneficiary is no defense.** Thus a depository bank []

6

> is entitled to recover from its customer [] the amounts it was required to pay to a drawee bank for accepting the customer's deposit of a check bearing a prior forged endorsement, the proceeds of which the depository bank had furnished to the customer.

*Perez v. Charter One Bank*, 298 A.D.2d 447, 448 (N.Y.Ct.App. 2002) (emphasis added, internal citations omitted).

Ohio courts are in accord. For example, in *ABC Money Exchange*, PERS issued benefit checks to a woman after she had died. The woman's fiduciary continued to indorse and cash the benefit checks at ABC Money Exchange via a power of attorney that lapsed upon the woman's death. It was undisputed that ABC was not aware of the fiduciary's fraud. After discovering that the woman had died, PERS refused to honor the checks that ABC had already cashed. ABC then sought an order requiring PERS to pay the outstanding amounts. *See ABC Money Exchange v. PERS of Ohio,* 70 Ohio App. 3d 732, 733-36 (Ohio Ct. App. 8th Dist. 1990).

The Ohio Court of Appeals held that ABC must bear the loss under the UCC's transfer warranties. Even though ABC was unaware of the fiduciary's fraudulent indorsement, ABC nevertheless breached the transfer warranties by submitting the fraudulently indorsed checks to PERS.

> It is clear that neither [the fiduciary] nor ABC was authorized to act on behalf of the [deceased woman] subsequent to her death. Therefore [the fiduciary] and ABC have violated the warranty provisions contained in [the predecessor to O.R.C. § 1303.56] relating to the authorization to act on behalf of a person who has good title.
>
> Thus, when ABC presented the checks to PERS for payment, it warranted that it was authorized to act on behalf of a person who has good title. In fact, it was not. It therefore violated its warranty provisions and is thereby barred from recovery against PERS.

*See id.* at 737-38.

This case law is also in accord with the comments to the U.C.C. Both the 1990 Amendment to U.C.C. 3-416 – upon which O.R.C. §1303.56 is based – and O.R.C. § 1303.56 removed the limitation that a transferor could assert that they had no knowledge of any claims or

7

defenses to the negotiable instrument.  A transferor violates its warranty if any claims or defenses exist, regardless of the transferor's knowledge.  O.R.C. § 1303.56, *comment* 2; Frederick M. Hart, Erik F. Gerding, and William F. Willier, 2-10 *Negotiable Instruments under the Uniform Commercial Code* § 10.3[1][b] (Matthew Bender, 2d Ed.) (discussing transfer warranties).

Given this authority Huntington is clearly entitled to judgment on the pleadings against Gray for violating O.R.C. § 1303.56(A).  Gray admits that he deposited numerous federal checks in the GWS Account.  *See* Gray Answer at 2; Gray Aff. at 1 (attached to Answer).  Gray does not – and cannot -- dispute the veracity of the reclamation claims averring that the federal checks contained forged indorsements.  *See* Gray Answer at 2; Sheppard Decl, Ex. A (attaching reclamation claims).  Gray admits to receiving $16,500.00 derived from the stolen checks.  *See* Gray Answer at 7-8.  Indeed, Gray admits that the $16,500.00 he received in this fraudulent scheme should be recovered and paid to Huntington.  *See* Gray Answer at 8.  Though Gray claims he was unaware of the forged indorsements, such lack of knowledge is irrelevant under the applicable sections of the UCC.  *See Perez*, 298 A.D.2d at 448; *AMC Money Exchange*, 70 Ohio App. 3d at 738.  Accordingly, Gray is liable to Huntington in the amount of $16,500.00.

## IV. CONCLUSION

For these reasons, this Court should grant judgment on the pleadings against Joseph Gray, and in favor The Huntington National Bank, in the amount of $16,500.00, plus interest, and expenses of recovery, including attorneys' fees.

Respectfully submitted,

ICE MILLER, LLP

/s/ Albert G. Lin

| | |
|---|---|
| John P. Gilligan, Trial Attorney | (0024542) |
| Albert G. Lin | (0076888) |
| Ross R. Fulton | (0082852) |

250 West Street, Suite 700
Columbus, OH 43215
Tel: 614-462-2233
Fax: 614-222-3693
Email: John.Gilligan@icemiller.com
　　　　Albert.Lin@icemiller.com
　　　　Ross.Fulton@icemiller.com
*Counsel for The Huntington National Bank*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on March 26, 2014. Notice of this filing is provided by the CM/ECF filing system upon all registered counsel and will be served upon all defendants via email or U.S. First Class mail, as follows:

Guishard, Wilburn & Shorts, LLC
1272 Labelle Street
Jonesboro, GA  30238
pendergrassallen@gmail.com

Allen Pendergrass
1272 Labelle Street
Jonesboro, GA  30238
pendergrassallen@gmail.com


Joseph Gray
106 E. Ticonderoga Drive
Westerville, OH 43081
Jgray1028@hotmail.com

Nathan Pendergrass
PO Box 1809
Fayetteville, GA 30214
npendergrass@valdosta.edu

Robert Handelman
250 East Broad Street, 10th Floor
Columbus, OH 43215
rhandelman@bnhmlaw.com
*Attorney for Defendant Clyde Parks*


/s/ Albert G. Lin
_____
*An Attorney for Plaintiff*